# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **CARROL L. OWENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No. 5:12-3620** |
| ) | |
| **FCI BECKLEY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion for Preliminary Injunction and/or Temporary Restraining Order" (Document No. 8.), filed on August 6, 2012. Having examined the record and considered the applicable law, the undersigned has concluded that Plaintiff's Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2012, Plaintiff, acting *pro se* and an inmate at FCI Beckley, filed his letter-form Complaint. (Document No. 1.) In his letter-form Complaint, Plaintiff states that he is "being denied accommodation to my legitimate religious needs." Plaintiff states that he is of the "New Age Druidry" faith. Plaintiff indicates that he submitted a "New or Unfamiliar Religious Components Questionnaire" form [BP-S822.53] to Chaplain Largent in March, 2012, notifying Chaplain Largent of his religious faith. Plaintiff indicates that, having no response, he submitted an Informal Resolution form to Chaplain Largent on May 1, 2012, that his religious needs were not being met. Plaintiff states that Chaplain Largent responded on May 3, 2012, indicating that his complaint was being processed and would be resolved in 120 days. Plaintiff indicates that he filed a BP-9 on May

9, 2012, making the same complaint.[1] When Plaintiff did not receive a "Notice of Receipt" of his BP-9, he submitted an Informal Request to Staff form to Ms. Seafus, the Administrative Remedy Coordinator at FCI Beckley, on June 7, 1012. Plaintiff states that he spoke with Ms. Seafus on June 14, 2012, and she informed him that the ordinary administrate remedy process beginning with the filing of a BP-9 was not the correct way to complain about his religious rights and therefore his BP-9 was regarded as void. Plaintiff states that Ms. Seafus told him that the proper course was to file the "New or Unfamiliar Religious Components Questionnaire" form [BP-S822.53].[2] Plaintiff states that

---

[1] 28 C.F.R. § 542.10(a) provides that inmates may participate in the Bureau of Prisons' administrative remedy program "to seek formal review of an issue relating to *any aspect* of his/her own confinement." (Emphasis added.)

[2] The Bureau of Prisons' Program Statement 5360.09 pertains to religious beliefs and practices and prescribes a procedure for the introduction of new and unfamiliar religious components into the Chaplaincy Services program as follows (PS5360.09, Pages 8 - 9):

    b.       **Introduction of New and Unfamiliar religious Components.**

Inmates may request the introduction of new or unfamiliar religious components into the Chaplaincy Services program. When information is required regarding a specific new practice, the chaplain may ask the inmate to provide additional information which would be considered when deciding to include or exclude the practice from the Chaplaincy Services program.

        (1) **Religious Issues Committee (RIC).** When a decision cannot be reached locally, a RIC at the Central Office, appointed by the Assistant Director, Correctional Programs Division (CPD), will review inmate requests for introducing new religious components into the overall religious program.

The RIC is to meet as necessary and maintain records of its recommendations. Periodically, the RIC will issue summary reports and recommendations to all Chief Executive Officers.

        (2)**Requests.** Inmate requests are made by completing the New or Unfamiliar Religious Components Questionnaire form (BP-S822). This form along with sufficient documentation on which to base an informed decision, will be submitted to the chaplain for routing to the Central Office RIC through the Warden and

he then spoke with Chaplain Largent on June 14, 2012, and Chaplain Largent told him that his BP-S822.53 request had been denied because his religious needs could be accommodated through the Wiccan group. Plaintiff states that he submitted an Inmate Request to Staff form to Chaplain Largent on June 17, 2012, requesting that he be provided items necessary to his religious faith through the Wiccan program. Plaintiff indicates that Chaplain Largent told him that he could make a time available for Plaintiff to engage in his religious practice and requested more information about his religious faith including a picture of a sacred pipe used in religious ceremonies. Plaintiff states that he submitted a report about the sacred pipe on June 18, 2012. Plaintiff states that on that same day he also submitted a BP-10 appeal of the voiding of his BP-9 complaint. Plaintiff states that on June 20, 2012, he received "an official response" from Associate Warden Mosley indicating that his religious needs would be accommodated through the Wiccan program or as an individual practitioner. Plaintiff states that he spoke with Chaplain Largent on June 25, 2012, about his June 17, 2012, Inmate Request to Staff form and Chaplain Largent told him that he [Chaplain Largent] needed to get regional and central office approval. Plaintiff states that he told Chaplain Largent that the Warden had already indicates that his religious needs would be accommodated through the Wiccan program or as an individual practitioner. Plaintiff states that on June 26, 2012, Chaplain

---

Regional Director.

> Upon completing the review, the RIC will make recommendations to the Warden regarding the request's appropriateness. The Warden will determine the local disposition of the request after the institution received the RIC recommendations.

> (3) **Implementation of the RIC Recommendation.** Decisions regarding the Chaplaincy Services program's expansion rest with the Warden and are subject to the institution's parameters for maintaining a safe and secure institution and availability of staff for supervision.

3

Largent retaliated against him by searching the Wiccan group's locker and confiscating its "Book of Shadows", a religious text, and a nine foot cord thereby hindering and interfering with the Wiccan group's June 29, 2012, religious service. Plaintiff states that he submitted a further Informal Resolution form on June 27, 2012, respecting the continuing denial of his religious rights and Chaplain Largent responded that his request for recognition of his religious faith was denied and Plaintiff could request the addition of additional items to the Wiccan program. Plaintiff asserts that Chaplain Largent's response was inconsistent with the Warden's "official response" that Plaintiff could practice his religious faith through the Wiccan program or as an individual practitioner. Plaintiff charges that by denying him the items and means necessary for the practicing of his religious faith, Defendants are violating his First Amendment rights, his rights under the Equal Protection Clause of the Fourteenth Amendment and the Religious Freedom Restoration Act [RFRA], 42 U.S.C. § 2000bb. Plaintiff further complains that the administrative remedy process at FCI Beckley "is no longer in compliance with the minimum standards and it no longer is fair and effective." Plaintiff asserts that nothing in Bureau of Prisons policy permits the voiding of an administrative grievance. Plaintiff requests that "an immediate inquiry and investigation be conducted into such violations of fundamental policies, rules, regulations, and laws. And this institution be [ordered] to allow me to practice my beliefs in accordance with 'New Age Druidry'."

On August 6, 2012, Plaintiff filed a Complaint (Document No. 4.), an Application to Proceed Without Prepayment of Fees and Costs (Document No. 5.), and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Document No. 8.) and Declaration (Document No. 9.) In his Complaint (Document No. 4.), Plaintiff names as Defendants FCI Beckley, Warden Ziegler, Associate Warden Mosley, Chaplain Largent, Chapel Officer Vance and Remedy Coordinator

Seafus. Plaintiff reiterates the basic allegations contained in his letter-form Complaint and states specifically the conduct of each Defendant in violation of his rights. Plaintiff states that in voiding his complaint and not giving him any notification of it, staff at FCI Beckley did not follow the BOP's policies and regulations in considering his complaints. Plaintiff further states that staff at FCI Beckley (1) require inmates to submit their complaints on Inmate Request to Staff forms and then restate inmates' complaints on Request for Informal Resolution forms thereby controlling the issues which inmates raise at all levels of the administrative remedy process in denial of their rights of due process and access to the Courts, (2) throw inmate complaints away, (3) do not process them "through the proper channels" and (4) withhold from responding until the end of the time by which responses are due so that the inmates will be barred from proceeding to the next level. Plaintiff states that Warden Ziegler failed and refused to correct the actions of the other Defendants under his supervision which was not in conformity with his requirement that Plaintiff be accommodated thereby allowing and encouraging them to circumvent BOP policy and procedure and violate his rights to practice his religion and access the Courts. Plaintiff states that he spoke with Associate Warden Mosley in March, 2012, about the BP-S822.53 which he had submitted to Chaplain Largent and learned that Chaplain Largent had given it to Associate Warden Mosley. Plaintiff states that when he asked Assistant Warden Mosley about his BP-S822.53 several times in April, 2012, she first told him that she had not discussed it with Chaplain Largent and then "refuse[d] to talk to me about this issue." Plaintiff states that he submitted his BP-9 in May, 2012, and Assistant Warden Mosley and Remedy Coordinator Seafus violated his right to practice his religion and access the Courts by voiding his BP-9. Thus, Plaintiff contends that Assistant Warden Mosley knew of, participated in and failed to correct the violation of his rights "thereby creating a policy and custom

which allows and encourages such illegal acts." Plaintiff states that Chaplain Largent gave him the May 21, 2012, response of the Warden's Office that he would be accommodated about a month later on June 20, 2012, and then denied his June 17, 2012, Inmate Request to Staff on June 25, 2012. Plaintiff further states that Chaplain Largent retaliated against him and the Wiccan group by confiscating their Book of Shadows and a nine foot cords and interfering with their religious services on June 29 and July 18, 2012. Plaintiff claims that Chaplain Largent violated his rights by "[i]ntentionally denying me accommodation to my legitimate religious needs after the warden's office issued a response that I be accommodated . . .." Plaintiff states that Chapel Officer Vance "intentionally hindered and interfered" with the Wiccan group's religious services on June 29 and July 6, 2012. Plaintiff states that Remedy Coordinator Seafus told him that his May 9, 2012, BP-9 was void and claims of denial of religious rights could not be considered through the administrative remedy procedure. Plaintiff states further that he requested a "Notice of Receipt" for his July 10, 2012 grievance and received none. Plaintiff alleges that "I am being denied administrative remedy process. Seafus is deliberately indifferent to my protected right to access the courts by intentionally sabotaging my attempts at resolution through the remedy procedure by purposely violating proper procedure." Plaintiff asserts as he did in his letter-form Complaint that Defendants are violating his First Amendment rights, his rights under the Equal Protection Clause of the Fourteenth Amendment and the Religious Freedom Restoration Act [RFRA], 42 U.S.C. § 2000bb.[3] He requests injunctive relief and monetary damages.

---

[3] Plaintiff has submitted as exhibits a copy of his BP-S822.53, administrative complaints and communications with Defendants; information about the New Age Druidry religious faith; and his ordination with, Doctorate of Divinity from and charter for a congregation of the Universal Life Church in Hendersonville, North Carolina.

In his Motion for Preliminary Injunction and/or Temporary Restraining Order (Document No. 8.), Plaintiff states that the denial of his religious rights is continuing, monetary relief is insufficient, he is suffering irreparable harm, injunctive relief serves the public interest and he is likely to succeed at trial. Plaintiff requests that the District Court order FCI Beckley to (1) regard New Age Druidry a separate religious program, (2) provide funds for purchasing items stated in his BP-S822.53 and the means and locations for practicing the religion, and (3) prohibit staff at FCI Beckley from retaliating against him and others in any way based upon his and their practice of their religious faith. By his Declaration (Document No. 9.), Plaintiff reiterates the statements which he made in his Motion for Preliminary Injunction and/or Temporary Restraining Order.

In screening Plaintiff's Complaint, the undersigned determined that Plaintiff had potentially stated a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 - 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Document No. 10.) By Order entered on October 11, 2012, the undersigned granted Plaintiffs' Application to Proceed Without Prepayment of Fees and ordered the Clerk "to issue process in this case by preparing and serving a Summons including a copy of Plaintiff's letter-form Complaint (Document No. 1.), Complaint (Document No. 4.) and Exhibits thereto, and Motion for Preliminary Injunction and/or Temporary Restraining Order (Document No. 8.) and Declaration (Document No. 9.) upon the Defendants as specified in Rule 4(i)(1) - (3) of the Federal Rules of Civil Procedure." (Id..)

On January 7, 2013, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 24 and 25.) Defendants argue that Plaintiff's Complaint should be dismissed based on the following: (1) "Plaintiff failed to exhaust administrative remedies" (Document No. 25, pp. 8 - 13.); (2) "Defendants cannot be sued

7

in their official capacities (Id., p. 13.); (3) "Plaintiff cannot recover for emotional or psychological damages without a showing of physical injury" (Id., pp. 13 - 14.); (4) "Plaintiff cannot sustain a Bivens action against the Bureau of Prisons" (Id., p. 14.); (5) "Plaintiff has not presented a valid First Amendment claim" (Id., pp. 14 -21 .); (6) "Plaintiff has no Religious Freedom Restoration Act claim" (Id., pp. 21 - 22.); (7) "Plaintiff has no Equal Protection claim" (Id., pp. 22 - 23.); (8) "Plaintiff cannot establish retaliation claims against Chaplain Largent" (Id., pp. 23 - 25.); (9) "Officer Vance did not interfere with worship practices of the Wiccan Congregation" (Id., pp. 25 - 27.); (10) "Plaintiff has not been denied access to the court" (Id., p. 27.); and (11) "Defendants are entitled to qualified immunity" (Id., pp. 28 - 32.).

As Exhibits, Defendants attach the following: (1) The Declaration of Sarah Lilly (Document No. 24-1, pp. 1 - 3.); (2) A copy of SENTRY Administrative Remedy Generalized Retrieval from April 9, 2012, through June 6, 2012 (Id., pp. 5 - 25.); (3) Plaintiff's Administrative Remedies regarding Remedy ID 689645 (Id., pp. 27 - 49.); (4) The Declaration of D. Largent (Document No. 24-2, pp. 1 - 6.); (5) A copy of Plaintiff's "New or Unfamiliar Religious Components Questionnaire" (Id., pp. 8 - 11.); (6) A copy of an e-mail message from Jesus M. Huertas, Chaplaincy Administrator for the Department of Justice, to Chaplain Largent dated May 3, 2012 (Id., p. 13.); (7) A copy of a "Memorandum for Joel Ziegler, Warden" dated May 15, 2012, regarding an "Accommodation Request" (Id., p. 15.); (8) A copy of the Warden Ziegler's Response to Plaintiff's "Request for Religious Accommodation" dated May 21, 2012 (Id., p. 17.); (9) A copy of Plaintiff's "Inmate Request to Staff" dated May 1, 2012 (Id., p. 19.); (10) A copy of Plaintiff's "Informal Resolution Form" and Chaplain Largent's Response (Id., pp. 21 - 22.); (11) A portion of Administrative Remedy packet for Remedy ID 689645-F1 (Id., p. 24 - 27.); (12) A copy of Petitioner's Inmate

Request to Staff dated June 17, 2012 (Id., p. 29.); (13) A copy of religious written material submitted by Plaintiff to the BOP (Id., pp. 31 - 36.); (14) A copy of BOP's chart for "Transferrable Religious Property for Inmates" (Id., pp. 38 - 40.); (15) The Declaration of B. Seafus (Document No. 24-3.); (16) The Declaration of B. Mosley (Document No. 24-4, pp. 1 - 2.); (17) A copy of the "Position Description" for Associate Warden (Id., pp. 3 - 8.); (18) The Declaration of J. Vance (Document No. 24-5.); (19) A copy of Hornes v. United States, 2007 WL 1463028 (N.D.W.Va. May 17, 2007) (Document No. 24-6, pp. 1 - 12.); (2) A copy of Kay v. Friel, 2007 WL 295556 (D.Utah Jan. 26, 2007) (Id., pp. 13 - 17.); and (21) A copy of Lowry v. Bledsoe, 2007 WL 2788844 (N.D.W.Va. Sept. 24, 2007) (Id., pp. 18 - 30.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on January 8, 2013, advising him of the right to file a response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 26.)

## **ANALYSIS**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

Reading Plaintiff's Motion together with his Complaint, the Court finds it does not clearly appear that immediate and irreparable injury, loss, or damage will result to Plaintiff if a preliminary injunction is not granted. First, Plaintiff requests that the Court order FCI Beckley to regard New Age Druidry as a separate religious program. Although the BOP apparently refused to regard New Age Druidry as a separate religious program, Plaintiff appears to acknowledge that Associate Warden Mosley indicated that Plaintiff's religious needs would be accommodated through the Wiccan program or as an individual practitioner. Plaintiff, however, does not explain how he is suffering irreparable harm as a result of his religion being accommodated through the Wiccan program. Next, Plaintiff requests that the Court order FCI Beckley to provide funds for purchasing items stated in his BP-S822.53 and the means and locations for practicing the religion. Plaintiff appears to particularly complain that he is being denied a sacred pipe and tobacco. Plaintiff, however, does not allege how the lack of the items set forth in his BP-S822.53 are causing irreparable harm. Additionally, preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994). Finally, Plaintiff requests that the Court prohibit staff at FCI

10

Beckley from retaliating against him and others in any way based upon his and their practice of their religious faith. In his Complaint, Plaintiff alleges that Chaplain Largent retaliated against him and the Wiccan group by confiscating their Book of Shadows and a nine foot cords and interfering with their religious services on June 29 and July 18, 2012. Again, there is no indication that Plaintiff is suffering irreparable harm as a result retaliation or as a result of the above items being confiscated.

Moreover, the undersigned finds it is unclear at this point in the proceedings whether Plaintiff will succeed on the merits. Defendants have filed a "Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment" asserting numerous grounds for dismissal. To state a claim under the First Amendment that prison officials have violated an inmate's right to free exercise of religion, a plaintiff must prove that he holds a sincere religious belief and that the official action substantially burdened his exercise of that belief. Hernandez v. Commissioner of Internal Revenue, 490 U.S. 680, 699, 109 S.Ct. 2136, 2149, 104 L.Ed.2d 766 (1989). The Religious Freedom Restoration Act forbids the government from "substantially burden[ing] a person's exercise of religion" unless the government can 'demonstrate[] that application of the burden to the person (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1(b). Concerning the merits of Plaintiff's claim that Defendants are violating his rights under the Free Exercise Clause and the Religious Freedom Restoration Act, Defendants argue there is no indication that Plaintiff's religious practices have been substantially burdened or prohibited. In order to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff. Johnson v. California, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005). Concerning Plaintiff's Equal Protection claim, Defendants argue that they

denied the use of a pipe and tobacco because these items are not required by the Wiccan or New Age Druidry religions. Defendants explain there was no discriminatory animosity towards Plaintiff, but prison officials have a legitimate interest in controlling the use of tobacco in religious services as tobacco is a prohibited substance within the BOP. Based on the foregoing, the Court finds that Plaintiff's request for a temporary restraining order and injunctive relief (Document No. 8.) should be denied.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's "Motion for Preliminary Injunction and/or Temporary Restraining Order" (Document No. 8.) and **REFER** this matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

    Date: January 31, 2013.

R. Clarke VanDervort  
United States Magistrate Judge